IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

OXFORD DIVISION

LOEB BROS. REALTY, L.P.                                                                                              PLAINTIFF

VS.                                            CASE NO. 3:20-cv-00193-GHD-JMV

PARKWAY EXCHANGE, LLC, and

AMY CHATHAM, Individually                                                      DEFENDANTS

**AGREED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Agreed Protective Order (the "Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "Action") by First Security Bank ("FSB").

1. All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose.

2. When used in this Order, the term:

{D1485472.1}

    a. "Confidential Information" shall mean all documents produced by FSB which are marked as "CONFIDENTIAL" and testimony, and all information contained therein.

    b. "Receiving Party" shall refer to any party to this Action and any non-party that receives Confidential Information.

3. Unless otherwise ordered by the court or permitted in writing by FSB, a Receiving Party may disclose Confidential Information only to:

    a. counsel of record in this Action, as well as the parties' personal attorney and any of their respective employees to whom it is reasonably necessary to disclose the information in connection with this Action;

    b. the named parties including in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    c. experts, consultants, or investigators including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

    d. court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

    e. during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

{D1485472.1}

    f.   any mediator or arbitrator engaged by the named parties in connection with this Action; or

    g.   other persons only after notice to all parties and upon order of the Court, or upon written consent of FSB.

4. Designation of documents or other material as containing Confidential Information may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL" or any other legend which would put the Receiving Party on notice that such documents are confidential and not subject to disclosure except pursuant to this Order. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential.

5. Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

6. Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

{D1485472.1}

7. Nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential Information that:

    a. is or became public knowledge, not in breach of this Order;

    b. was acquired by a party from a non-party having the right to disclose such information; or

    c. was learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

8. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately after learning of the disclosure (a) notify FSB in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

9. If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential Information, that Receiving Party must: (a) promptly notify FSB in writing and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by FSB.

{D1485472.1}

10. FSB must notify the Receiving Party within fourteen (14) calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential Information.

    a. If FSB timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless FSB consents to such production in writing.

    b. If FSB fails to object or seek a protective order from the court within thirty (30) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Confidential Information responsive to the subpoena or court order.

    c. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by FSB. FSB must notify the Receiving Party within fourteen (14) calendar days after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential. Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation. This provision shall not apply to any documents that have already otherwise become publicly available.

{D1485472.1}

12. Without written permission from FSB or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential Information. However, this Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential Information in connection with a motion, brief, or other submission to the court must comply with the applicable Federal Rules of Civil Procedure or the Local Uniform Civil Rules of the United States District Court for the Northern District of Mississippi for sealing. If the motion to seal is denied, the information may be filed without sealing.

13. Within sixty (60) calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential Information to FSB or destroy, to the extent commercially reasonable, such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured.

14. In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Information produced by FSB until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

15. This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by

{D1485472.1}

motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. In the event that Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless FSB applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

16. The treatment accorded under this Order shall survive the termination of this Action. This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

17. The court may, *sua sponte*, amend this Order.

SO ORDERED, this the 9th day of September, 2020

Jane M. Virden  
UNITED STATES MAGISTRATE JUDGE

**AGREED BY:**

/s/Benjamin D. West  
Benjamin D. West  
*Counsel for Plaintiff*

{D1485472.1}

/s/Wilton V. Byars, III
Wilton V. Byars, III
*Counsel for Defendants*

{D1485472.1}

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

OXFORD DIVISION

LOEB BROS. REALTY, L.P.                                                                   PLAINTIFF

VS.                                                                   CASE NO. 3:20-cv-00193-GHD-JMV

PARKWAY EXCHANGE, LLC, and

AMY CHATHAM, Individually                                                               DEFENDANTS

## ACKNOWLEDGEMENT

I, _____, declare that:

1. I have received a copy of the Agreed Protective Order ("**Protective Order**") in this Action.

2. I have carefully read and understand the provisions of this Protective Order and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" in accordance with the Protective Order.

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Protective Order.

{D1485472.1}

6. I understand that disclosure of information designated "Confidential" in violation of the Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____      _____

              Date                                                              Signature