IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOEB BROS. REALTY, L.P.                                                PLAINTIFF

V.                                                          Civil Action No. 3:20-cv-193-GHD-JMV

PARKWAY EXCHANGE, LLC; and
AMY CHATHAM, Individually                              DEFENDANTS

**OPINION GRANTING DEFENDANT AMY CHATHAM'S MOTION TO DISMISS**

Presently before the Court is the individual Defendant Amy Chatham's motion [9, 32] to dismiss the Plaintiff's claims against her. Upon due consideration, the court finds that the motion should be granted and the Plaintiff's claims against Chatham dismissed.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff operates a commercial real estate business in Memphis, Tennessee [First Amd. Compl., Doc. 27, at 1]. The Defendant Parkway Exchange, LLC ("Parkway"), a Limited Liability Company ("LLC"), operates as a "1031 exchange agent" in Hernando, Mississippi, and has acted as a qualified intermediary for the Plaintiff in numerous 1031 exchanges.[1] The individual Defendant Amy Chatham serves as Parkway's manager and is one of two members of Parkway.

On February 22, 2019, the Plaintiff and Parkway entered into a 1031 Exchange Agreement/Contract for the transaction that is the subject of this lawsuit [Doc. 27, at 4; Doc. 27-1]. The subject exchange transaction involved $884,291.61 in proceeds that the Plaintiff had realized from the sale of a piece of property; Parkway was to maintain custody of the sale proceeds until directed to release the funds for the purchase of a replacement property [*Id.*] The transaction

---

[1] Section 1031 of the Internal Revenue Code permits owners of investment properties, such as the Plaintiff, to defer capital gains taxes upon the sale of a property so long as a qualified intermediary or 1031 exchange agent, such as the Defendant Parkway, maintains custody of the sale proceeds until those proceeds are applied to the purchase of another, replacement, property. Parkway acted as the Plaintiff's 1031 exchange agent in the transaction that is the subject of this lawsuit.

1

was to be completed by August 21, 2019; Parkway's fee for acting as the 1031 exchange agent for this transaction was $1,000 [*Id.*]. As the exchange agent for this transaction, Parkway held the subject proceeds in a bank account at First Security Bank in Hernando, Mississippi [*Id.* at 5; Doc. 27-3]. Parkway and First Security Bank utilized an authentication procedure before wire transfer requests to move funds out of the subject bank account could be completed [*Id.*] The procedure was a two-factor system that required First Security to first verify a wire transfer request via telephone with Parkway; the second step required Parkway to provide a PIN number to First Security to authorize the transfer of funds from the account [*Id.*]

At some point in time, unknown criminal actors gained access to the email account that Chatham used to conduct business on behalf of Parkway [Id.] Those criminal actors then, on August 13, 2019, sent Parkway an email, doctored to appear as if it was from the Plaintiff, requesting that the subject $884,291.61 in funds be transferred from First Security Bank to a bank account at another bank in Memphis, Tennessee [Id. at 6]. That same day, Chatham forwarded the subject fraudulent email to First Security Bank, requesting that the subject funds be transferred in accordance with the instructions contained in the fraudulent email [Id.] After the required brief confirmatory authentication phone call with Parkway, First Security Bank then transferred the funds on August 14, 2019, as outlined in the fraudulent email [Id. at 7-8]. The unknown criminal actors then absconded with nearly $600,000 of the proceeds before the fraud was discovered and a hold was placed on the subject account [Id. at 10]. The remaining nearly $300,000 from the subject transaction was returned to the Plaintiff but, to date, the Plaintiff has not recovered the nearly $600,000 that the criminal actors were able to withdraw from the subject account [Id.]

The Plaintiff filed its complaint in this diversity action on June 30, 2020 [1], and then filed an amended complaint [27] on August 27, 2020, asserting causes of action for breach of contract

2

against Parkway, and for breach of fiduciary duty, negligence and gross negligence, negligent misrepresentation, and nondisclosure against both Parkway and Chatham, individually [27]. The Defendant Chatham has now filed a motion to dismiss [9, 32] the Plaintiff's claims against her, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that the Plaintiff has not stated a facially plausible or valid claim against Chatham in either her individual capacity acting on behalf of Parkway or under a theory of piercing Parkway's corporate veil to impose individual liability. The Plaintiff has responded to the motion and the matter is ripe for review.

## II.     STANDARD FOR DISMISSAL UNDER RULE 12(B)(6)

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions

3

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## III. ANALYSIS

The Plaintiff asserts that Chatham's "individual actions and gross mismanagement of Parkway Exchange's business . . . allow for both a direct action and LLC veil piercing theories of recovery" against her [Doc. 27, at 3]. Chatham moves for dismissal of the Plaintiff's claims against her, arguing that the Plaintiff has failed to state a plausible claim for relief under either theory of recovery. The Court shall consider these theories in turn.

First, the Plaintiff asserts that Chatham may be held individually directly liable for the Plaintiff's loss. Under Mississippi law, however, a member, manager, or officer of an LLC is not personally liable for the debts, obligations, or liabilities of the LLC solely by reason of being a member, acting as a manager, or acting as an officer of the LLC. Miss. Code Ann. § 79-29-311(1).[2] Further, the Mississippi Supreme Court has clearly held that absent a showing of individual wrongdoing or participation in the subject misfeasance on the part of the subject corporate officer or manager, personal liability is not warranted; mere negligence on the part of the officer or manager is not sufficient to state a claim for individual liability. *Hardy v. Brock*, 826 So. 2d 71,

---

2   The Court notes that in this diversity action, the *Erie* doctrine applies and thus the determination whether the Defendant Chatham's motion is meritorious is guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

4

75 (Miss. 2002) (dismissing claim against corporate officer absent proof he "directly participated in the alleged misfeasance" at issue); *Powertrain, Inc. v. Ma*, 640 Fed. Appx. 263, 267 (5th Cir. 2016).

In the case *sub judice*, the Plaintiff does not allege that Chatham engaged in any fraudulent conduct or that she was connected in any way to the criminal actors who absconded with the subject funds. Instead, the record is clear that the Plaintiff contracted with Parkway, not with Chatham individually, for Parkway to serve as a 1031 exchange agent for the subject transaction, that one or more criminal actors engaged in a scheme to steal the subject funds, and that those criminal actors did in fact steal most of the subject funds. The Plaintiff does not allege that Chatham directly participated in the misfeasance at issue. Accordingly, the Court holds that the Plaintiff has failed to state a plausible or viable cause of action against Chatham individually under this theory of recovery.

Second, the Plaintiff argues that its claims against Chatham in her individual capacity are plausible under a theory of piercing the corporate veil of Parkway; in other words, that Parkway's status as an LLC should be disregarded and Chatham held individually liable. Under Mississippi law, courts have long looked to three factors to determine whether a corporate veil should be pierced: first, some frustration of contractual expectations regarding the party to whom the plaintiff looked for performance; second, the flagrant disregard of corporate formalities by the defendant corporation and its principals; and third, a demonstration of fraud or other equivalent misfeasance on the part of the subject corporate shareholder or officer. *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989). Some credible evidence, or allegations in this instance, must be presented on each of these factors in order to state a plausible claim under this theory. *Brown v. Waldron*, 186 So. 3d 955, 960 (Miss. Ct. App. 2006). The Supreme Court of Mississippi has

5

further made clear that it "decline[s] to pierce the corporate veil except in those extraordinary factual circumstances where to do otherwise would subvert the ends of justice." *Penn Nat'l Gaming v. Ratliff*, 954 So. 2d 427, 431 (Miss. 2007). The Court analyzes the Plaintiff's allegations with respect to these three *Gray* factors in turn.

To sufficiently allege the frustration of contractual expectations in this context, a plaintiff must allege that he or she had a "reasonable expectation of contractual performance from the party *behind* the veil." *Carpenter Props., Inc. v. JP Morgan Chase Bank Nat'l Ass'n*, 647 Fed. Appx. 444, 452 (5th Cir. 2016) (emphasis added). Here, the Plaintiff contracted solely with the Defendant Parkway Exchange, LLC regarding the subject 1031 exchange [Doc. 27-1]. The Defendant Chatham did not personally guarantee the performance of the contract nor does the contract specify any duties or obligations on the part of Chatham; instead, the contract places all obligations and responsibilities solely on Parkway [Doc. 27-1]. Indeed, the Plaintiff does not allege that it contracted with Chatham, and Chatham's name does not appear whatsoever in the contract itself. Accordingly, the Court finds that the Plaintiff has not sufficiently pled allegations that it had a reasonable expectation of contractual performance from Chatham, the party behind the veil. Thus, the Plaintiff has failed to sufficiently plead allegations related to this factor to state a plausible claim that Parkway's corporate veil should be pierced. See *Rosson v. McFarland*, 962 So. 2d 1279, 1285-86 (Miss. 2007) (rejecting similar claims because individual defendant did not personally guarantee performance of subject contract); *Richardson v. Jenkins Builders, Inc.*, 737 So. 2d 1030, 1032 (Miss. Ct. App. 1999) (court refused to pierce corporate veil when "the contract, on its face, place[d] the burden of performance on a corporation and not on an individual.").

While the Plaintiff's failure to adequately plead allegations related to this factor is sufficient to find that its corporate veil piercing theory is not plausible, the Court notes that the

6

Plaintiff has likewise failed to sufficiently plead allegations related to the second and third factors of the test. The second factor, the flagrant disregard of corporate formalities by the defendant corporation and its principals, requires a showing (well-pled allegations at this stage) of an "abuse of the corporate form" by the individual defendant. *Carpenter Props., Inc. v. JP Morgan Chase Bank, N.A.*, No. 3:07-cv-278, 2015 WL 13283381, at *16 (S.D. Miss. Mar. 30, 2015). Such allegations include conduct such as the failure to keep separate corporate books between the company and its owner; failure to treat corporate assets as separate between the company and its owner; and failure to avoid the commingling of funds. *Id.* The Plaintiff in the case *sub judice* makes no such allegations in its pleadings.[3] Finally, as to the third *Gray* factor, which is a demonstration (here, a well-pled allegation) of fraud or other equivalent misfeasance on the part of the subject corporate shareholder or officer, as the Court has already noted the Plaintiff does not allege any fraud or equivalent misfeasance on the part of Chatham with respect to the subject events. For these reasons, the Court finds that the Plaintiff has failed to state a plausible claim for relief against the individual Defendant Chatham under the corporate veil theory of recovery.

In sum, under either theory of individual liability, the Plaintiff has failed to state a claim for relief against the individual Defendant Chatham. The Court shall therefore grant Chatham's motion to dismiss.

## IV. CONCLUSION

Accordingly, for the reasons set forth herein, the Court finds that the Plaintiff has failed to plead sufficient allegations to state a plausible claim for relief against the individual Defendant

---

[3] The Plaintiff does allege that Parkway is undercapitalized [Doc. 27, at 14]. The Mississippi Supreme Court, however, has rejected the argument that undercapitalization alone gives rise to potential individual liability for corporate officers. *Stanley v. Mississippi Pilots of Gulfport, Inc.*, 951 So. 2d 535, 542 (Miss. 2006); see *Canadian Nat. Ry. Co. v. Waltman*, 94 So. 3d 1111, 1118 (Miss. 2012) (holding that "undercapitalization alone is insufficient to pierce the corporate veil").

Amy Chatham. Chatham's motion to dismiss [9, 32] shall therefore be granted and the Plaintiff's claims against her dismissed. The Plaintiff's claims against the Defendant Parkway Exchange, LLC, shall proceed.

An order in accordance with this opinion shall issue this day.

THIS, the 16th day of March, 2021.

_____
SENIOR U.S. DISTRICT JUDGE